**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

WILLIE JAMES BLACK                                                                    PLAINTIFF

vs.                                                              CIVIL ACTION NO. 3:13cv0166-SAA

COMMISSIONER OF SOCIAL SECURITY                                         DEFENDANT

**MEMORANDUM OPINION**

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying plaintiff's application for supplemental security income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §1382c. Plaintiff protectively filed applications for SSI benefits on April 15, 2010, alleging disability beginning August 1, 2007. Docket 8, p. 146-149. His claim was denied initially (Docket 8, p.97) and on reconsideration. Docket 8, p.102. He filed a written request for hearing on (Docket 8, p. 105) and was represented by counsel at the hearing held on December 15, 2011. Docket 8, p. 22-51. The Administrative Law Judge (ALJ) issued an unfavorable decision on March 29, 2012 (Docket 8, pp. 8-16), and the Appeals Council denied plaintiff's request for a review on May 1, 2013. Docket 8, p. 1-5. Plaintiff timely filed the instant appeal from the decision, and it is now ripe for review. Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

**I. FACTS**

Plaintiff was born on November 24, 1950, and completed the seventh grade. Docket 8, p. 30. He is unable to read and is only able to write his name. Docket 8, p.31. He was unable to

1

fill out the forms for disability. *Id.* He was sixty-one years old at the time of the ALJ's decision. He previously had worked as a carpet installer, construction laborer, landscape laborer, packager, and window replacer. Docket 8, p. 167. Plaintiff contends that he became disabled before his application for SSI due to hypertension, heart trouble, lung issues, arthritis and a bad knee. Docket 8, p. 166. The ALJ rejected his claims of disability, concluding that even though the plaintiff had multiple medically determinable impairments, his impairments have been non-severe since his amended onset date and therefore was "not disabled." Docket 8, p.16, Finding No. 4.

Plaintiff claims that the ALJ erred when she failed to consider properly the severity of plaintiff's impairments under the law of this circuit, his financial inability to receive additional medical care, that he is completely illiterate, and by not ordering a consultative exam. Docket 14. The commissioner has responded [Docket 15], and the court rules as follows.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [his] physical or mental

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. § 416.920(b) (2010).

2

ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999); citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review

---

[4] 20 C.F.R. § 416.920(c) (2010).

[5] 20 C.F.R. § 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6] 20 C.F.R. § 416.920(e) (2010).

[7] 20 C.F.R § 416.920(g) (2010).

[8] *Muse*, 925 F.2d at 789.

and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

After reviewing the record evidence and testimony, the ALJ issued a decision denying plaintiff's application on March 29, 2012. Docket 8, pp. 12-20. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since his application date, April 5, 2010. Docket 8, p. 17, Finding 1. At step two, the ALJ found that plaintiff had the medically determinable impairments of "hypertension, a surgically repaired diverticular perforation, and mild to moderate degenerative joint disease of the lumbar spine." Docket 8, pp. 17-18, Finding

---

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

2. However, the ALJ determined that plaintiff did not have a "severe" impairment or combination of impairments because his medically determinable impairments did not significantly limit his ability to perform basic work-related activities for 12 consecutive months. Docket 8, pp. 18-20, Finding 3. Finding so, the ALJ determined that plaintiff had not been disabled from his application date of April 5, 2010, through the date of the ALJ's decision. Docket 8, p. 20, Finding 4.

Plaintiff challenges the ALJ's finding that all of his impairments are non-severe. The Commissioner argues that the ALJ properly found all of plaintiff's alleged disabilities to be non-severe, but fails to address the fact that the ALJ did not follow the proper analysis in reaching that conclusion. In determining that plaintiff's impairments were not severe, the ALJ stated:

> The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 CFR 416.921, *et seq.*).

Docket 8, p. 14.[11] The Fifth Circuit has held that, "[a]n impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education

---

[11]The ALJ continued:
"In reaching the conclusion that the claimant does not have an impairment or combination of impairments that significantly limits his ability to perform basic work activities, the undersigned has considered all symptoms and the extent to which these symptoms can be reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 416.929 and SSRs 96-4p and 96-7p. The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p."
Docket 8, p. 14.

or work experience." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). Further, the Circuit "allow[s] an impairment to be found nonsevere based on medical factors alone" *id.*, citing *Lofton v. Schweiker*, 653 F.2d 215, 217 (5th Cir. 1981), and requires that the Commissioner apply this severity standard with either direct citation to the regulations [20 C.F.R. §§ 404.1521 & 416.921] or reference to the *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985) decision, or both. Failure to refer to these standards may be reversible error, *see, e.g., Sanders v. Astrue*, 2008 WL 4211146 (N.D. Tex. Sept. 12, 2008); a district court need not remand a case simply because the ALJ did not use "magic words," but remand *is* required where there is no indication the ALJ applied the correct standard. *White v. Astrue*, 2009 WL 763064 (N.D. Tex. Mar. 23, 2009), citing *Hampton v. Bowen,* 785 F.2d 1308, 1311 (5th Cir.1986).

In this case, the ALJ did not cite to *Stone*, as required by the Fifth Circuit. *Stone*, 752 F.2d 1106 (". . . unless the correct standard is set forth by reference to this opinion or another of the same effect, or by an express statement that the construction we give to 20 C.F.R. §404.1520(c)(1984) is used. . . , the claim must be remanded to the Secretary for reconsideration."). The Commissioner argues that the ALJ's omitting a citation to *Stone* is not reversible error in this case for two reasons: "(1). The ALJ applied the *Stone* standard to determine whether Plaintiff had a severe impairment at step two and (2) the ALJ also determined that plaintiff's impairments did not meet the durational requirement." Docket 15, p. 10. The court cannot agree.

Although the lack of a citation to *Stone* is not automatically reversible error when it is clear that the correct standard was applied, it is not clear that the ALJ applied the correct standard in this case. Given the low bar for the establishment of a severe impairment under

6

*Stone,* the court concludes that remand is appropriate to allow the Commissioner to clarify that the *Stone* opinion was followed, as well as to revisit whether any other of plaintiff's impairments should have been included among his impairments examined at step two of the ALJ's analysis. *Noble v. Astrue*, 2010 WL 6776687 (N.D. Tex. Dec. 29, 2010).

Additionally, the court is troubled by the ALJ's failure to consider the plaintiff's lack of funds and access to medical treatment as a real issue and impediment to remedying his conditions. The fact that the plaintiff had not sought free or low cost treatment should have no bearing on the ALJ's decision. *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987). Moreover, in the rural area of this district where the plaintiff lives, there may be little or no access to free medical treatment. Merely reading the transcript reveals plaintiff's obvious illiteracy and limited knowledge and understanding of medical treatment; in light of these circumstances, the ALJ should have examined the plaintiff's claims even more closely. Because the court is remanding the case so that the ALJ can apply the appropriate legal standard at step two, the court will not consider whether the Commissioner's decision on this issue is supported by substantial evidence, though additional, in-depth review of plaintiff's claims, on remand, is surely warranted.

## IV. CONCLUSION

The Commissioner's denial of benefits will be remanded for additional review in accordance with this opinion. A final judgment will issue this day.

This, the 21st of February, 2014.

                                                      /s/ S. Allan Alexander
                                              UNITED STATES MAGISTRATE JUDGE